310 So.2d 591 (1975)
STATE of Louisiana
v.
Harris J. PERKINS.
No. 55570.
Supreme Court of Louisiana.
March 31, 1975.
Gordon Hackman, Boutte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., Norman J. Pitre, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Gretna, for plaintiff-appellee.
MARCUS, Justice.
Harris J. Perkins was charged by bill of information with knowingly and intentionally possessing a controlled dangerous substance, to-wit, marijuana. He was tried, found guilty by a jury of five, and subsequently sentenced to pay a fine of $500.00 and to serve six months in the parish jail. Defendant reserved a number of bills of exceptions during trial. Some have been abandoned on appeal, while others are relied upon for reversal of his conviction and sentence.
On May 27, 1972 at about 9:15 p. m., Officer Hilton Louque, then assigned as an undercover agent by the St. James Parish Sheriff's Office (later a deputy sheriff in the parish), went to the residence of Carmen Dufrene on Early Street in Paradis, Louisiana. The purpose of the visit was the possibility of buying narcotics. At the time of Officer Louque's entry, only Mrs. Dufrene and her husband were present. About an hour later, three males arrived, Michael Usay, Daniel Waterman and Lester Burkey. Officer Louque and Burkey left about 11:15 to go to Des Allemands to see about buying narcotics. They returned at about 11:30. Harris Perkins and others had since arrived. It was not until 12:15 a. m. that Perkins pulled out a clear plastic bag of marijuana and he and one, Dean Allen, started rolling cigarettes and distributing *592 them. The parties present formed a circle, and marijuana cigarettes were passed around. The smoking continued until 12:30 a. m. Officer Louque then left the party and related the events to Agent Michael Babin who was parked about 50 yards east on Early Street watching the Dufrene residence. Louque gave a partially-smoked marijuana cigarette to Agent Babin. An informant who was present at the party, along with two subjects, Perkins and Allen, left the residence at approximately 12:35. Agent Babin followed. Perkins was later arrested and charged with possession of marijuana.
Our examination of the bills reserved leads to the conclusion that there was error in the ruling of Bill of Exceptions No. 8.
On direct examination, Officer Louque was asked if he knew the subjects who joined the party. He replied:
I was trying to remember all of them, sir. Mr. T. T. Perkins known as Harris Perkins, Dean Allen, Rickey Tregre, Dale Estay and ... pretty rough, it's a year and a half ago ... one more. I have notes. Can I refresh my memory?
The court then stated:
You can refer to your notes to refresh your memory.
Louque answered:
Mr. Clyde McCulley. That's all I remember, sir.
Later, on cross-examination, Officer Louque admitted making notes prior to trial which he had with him in his pocket. He stated that he had only the names of subjects on the slip of paper. Upon request, he handed it to defense counsel. It was further admitted by Louque that he wrote the names on the slip of paper at his house that morning. They were taken from a copy of the police report prepared by him. When asked if he had a copy of the report with him, Louque replied in the affirmative. Defense counsel then called for production of the officer's report, and the request for same was denied. Bill of Exceptions No. 8 was reserved.
The denial of the examination of this police report to be used in the cross-examination of Officer Louque is claimed by defendant to be contrary to this court's holding in State v. Tharp, 284 So.2d 536 (La. 1973).
We note at the outset that the testimony of Officer Louque was crucial to the state's case. As a matter of fact, he was the only person to testify in regard to defendant's commission of the crime. It was also he who obtained the evidence upon which the conviction was based. Hence, his credibility was of paramount importance in the resolution of the case.
A 1967 Louisiana statute permits a witness to refresh his memory by reference to his prior court testimony or memoranda, and it is immaterial by whom or when the memoranda were made provided after such inspection the witness can testify to the fact.[1] We held in State v. Tharp, supra, that defendant was entitled to examine the report or memorandum of a witness who refreshed his memory while he was testifying. Cf. State v. Payton, 294 So.2d 211 (La.1974); State v. Lane, 302 So.2d 880 (La.1974).
In the instant case, Officer Louque referred to his notes to refresh his memory while testifying on direct examination. The notes had been made from a police report *593 prepared by him, a copy of which was on his person at the time of his testimony. Since, under Tharp, defendant would be entitled to examine the report used by the witness to refresh his memory while testifying, we can see no reason why production for inspection of the report should not be likewise available to defendant where the witness refreshed his memory, while testifying, from notes taken from the report. To hold otherwise would permit the state to do indirectly that which it is not permitted to do directly.
Accordingly, we conclude that the trial court erred in refusing defense counsel's demand for production of the police report. Having found merit in Bill of Exceptions No. 8, we pretermit consideration of the other bills reserved.
For the reasons assigned, we reverse defendant's conviction and sentence and remand for a new trial.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
As the facts disclose, the notes used by the officer while testifying were made available to defense counsel at his request. Despite this compliance, the Court charges error in the ruling of the trial judge which denied further production of a report which the officer did not use in his testimony and which had been prepared by him prior to trial.
Except for the names contained on the notes, the officer testified from memory on all other aspects of the case. There was, therefore, no reason to require him to produce a report which played no part in his testimony. State v. Payton, 294 So.2d 211 (La.1974); State v. Tharp, 284 So.2d 536 (La.1973) (Summers, J., dissenting); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
I respectfully dissent.
NOTES
[1] La.R.S. 15:279 (1950), as amended by Acts 1966, No. 311, § 2 eff. Jan. 1, 1967:

A witness may be allowed to refresh his memory by reference to his testimony given on the preliminary examination, or at a coroner's investigation, or on a previous trial, or, for the purpose of refreshing his present memory a witness may examine memoranda, and it is immaterial by whom or when the memoranda were made, provided that, after such inspection, the witness can testify to the fact.