363 So.2d 518 (1978)
STATE of Louisiana
v.
Leroy FRANKS and Roger Dale Humphries.
No. 61953.
Supreme Court of Louisiana.
October 9, 1978.
*519 James W. Berry, F. J. Bruyninckx, III, Rayville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Donald K. Carroll, Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendants, Leroy Franks and Roger Dale Humphries, were charged by bill of information with simple burglary, a violation of R.S. 14:62. After a jury trial, both defendants were found guilty. Leroy Franks was sentenced to three years at hard labor. Roger Dale Humphries was also sentenced to three years at hard labor but his sentence was suspended and he was placed on active supervised probation. For reversal of their convictions and sentences, defendants rely on two assignments of error.[1]
The state's case is based on the testimony of the victim, the sole eyewitness to the burglary other than the perpetrators and an admitted accomplice, Jerry McWilliams. That testimony indicates that defendants, along with McWilliams, went to the victim's home to sell furs. After no one answered and defendants looked around a nearby house, defendant Franks purportedly signaled to McWilliams with his hat. On that signal, McWilliams opened the back of the camper parked beside the victim's house, removed furs from it, and placed them in a pick-up truck.

ASSIGNMENT OF ERROR NO. 2
Defendants contend that the trial court erred in failing to allow defense counsel to examine a police report from which Trooper Jerry Waters purportedly testified. At trial Waters testified that he received a call from the sheriff's office to go to the residence of Fenton Robinson. As he approached the house, he saw another deputy talking to Franks and Humphries. Nearby was an orange pick-up truck with some furs or hides on stretchers on the floor. After the officers talked to Mrs. Robinson about what happened, they arrested defendants and Jerry McWilliams. During questioning Waters was apparently looking at a police report. After Trooper Waters had been fairly extensively questioned on direct by the state, on cross-examination by defendant the following colloquy occurred:
"Q. It that a report form that you have there with you, Trooper?
A. It's just a standard report on arrest. It's a standard form that we use. We just write up a synopsis of what happened.
Q. I've noticed that you've looked at it extensively. Are you testifying from it?
A. Well, yes sir, it's been a year since this occurred.
Q. So you are, in effect, testifying from that form?
A. Well, I have a memory of what happened. But I've refreshed my memory from this report.
Q. It has been almost a year?
A. Yes sir.
Q. Your memory has grown a little vague in that time, hasn't [it]?
*520 A. Well, I deal with lots of cases in a year's time.
Q. Quite a few? Don't you?
A. Yes sir."
Defense counsel then moved to examine the officer's written report and the state objected, contending that the witness was testifying from his refreshed recollection. The trial judge then questioned Trooper Waters about his reliance on the report and elicited the response that the witness was testifying from his recollection of the incident, not from the notes themselves.
Police reports are considered confidential and generally the state may not be compelled to produce them for inspection. State v. Banks, 341 So.2d 394 (La.1976); State v. Square, 257 La. 743, 244 So.2d 200 (La.1971). However, when an officer's testimony at trial is from his report rather than from his memory, that is, if the testimony is the product of past recollection recorded rather than present memory refreshed, the trial judge should require production of the report for defense inspection. State v. Tharp, 284 So.2d 536 (La.1973); State v. Foret, 315 So.2d 278 (La.1975). The same ruling should follow where it is shown that a witness has referred to his report or notes, with him on the stand, even though presumably only to refresh his memory while testifying. State v. Perkins, 301 So.2d 591 (La.1975).
The witness at the outset rather candidly acknowledged that he was testifying from his report. Tharp would therefore require its production on motion of defendant. Even assuming, however, that he had simply refreshed his memory, which is what he related when quizzed further, the report should have been produced because his memory was refreshed by reference to a report with him while he was testifying. State v. Perkins, supra.
In this case it was particularly critical for the defense to have the opportunity to view that report in light of the testimony of the critical eyewitness concerning her observations of the conduct of defendants and of McWilliams, the only perpetrator who entered the truck, and concerning what she told the investigating officers about the incident upon their arrival at the scene.
The assignment has merit.
Inasmuch as we are reversing this conviction on the basis of a meritorious Assignment of Error No. 2, it is unnecessary that we determine whether a second assignment argued in brief, Assignment of Error No. 3, presents reversible error. In that assignment defendants argue that the trial court erred in refusing to allow defense counsel to call the district attorney as a witness. Since the case may be retried when remanded we deem it advisable to comment briefly on that assignment. Neither the district attorney in his stated opposition nor the trial judge in his ruling have cited a plausible reason for disallowing defendant's examining the district attorney (in an effort to impeach McWilliams), concerning whether that witness had made a plea bargain agreement with the state before testifying. The examination should have been permitted. Defendant may attempt to impeach McWilliams, who denied favorable state treatment, by examining "any other witness" to establish McWilliams' bias or interest. R.S. 15:492. And the district attorney is likely the only witness to such possible plea bargaining arrangement other than McWilliams' attorney, whose knowledge concerning same is privileged.

Decree
For the foregoing reasons the convictions and sentences are reversed and the case is remanded for retrial.
REVERSED AND REMANDED.
SUMMERS, J., concurs in part and dissents in part.
DENNIS, J., concurs, being of the opinion that the reversal should be based upon the denial of defendant's right to call an impeachment witness rather than upon the grounds of the trial judge's request to let defense counsel examine the police officer's investigation report. In my opinion the *521 testimony is not clear that the officer referred to the report to refresh his memory while on the stand and the trial judge's determination of this issue should be upheld.
SUMMERS, Justice (concurring in part and dissenting in part).
While I agree the conviction should be reversed on the basis of Assignment of Error No. 2, I do not agree that the defense has the right to call the District Attorney as a witness under the circumstances of this case.
NOTES
[1] Defendants have filed three assignments of error but have not briefed Assignment of Error No. 1; it is therefore considered abandoned. State v. Burge, 359 So.2d 616 (La.1978).