TATE, Justice,
dissenting.
I respectfully dissent.
Assignment 11 presents clear error. While on the stand, a police officer was permitted to refresh his memory and to clear up inconsistencies in his testimony by examining, while on the stand, his police report, which was handed him by the prosecutor. Nevertheless, defense counsel’s request was denied to have access to the same police report for purposes of further defense examination of this witness.
Although the officer was permitted to rehabilitate his testimony by examining the police report on the stand, the defendant counsel’s was denied the right to cross-examine this witness as to the conclusions he had drawn before the jury from this paper (secret to the jury and to opposing counsel). This denial of cross-examination, by the refusal to permit opposing counsel access to a document used by the witness to support his testimony while on the stand, has been held to be reversible error. State v. Perkins, 310 So.2d 591 (La.1975); State v. Tharp, 284 So.2d 536 (La.1973).
It does not seem to me that this clear error can be harmless. The issue as to which cross-examination was denied related to the defendant’s guilty knowledge (instanced by track marks of narcotics use found or not found at the time of arrest), a central issue in this heroin-possession prosecution.
Any doubts I have on the harmful effects of this clearly erroneous ruling are resolved in favor of reversal by other trial errors of an' arbitrary and one-sided nature in favor of the prosecution. The trial judge limited the defense counsel’s opening statement as to the basis of his defense (improperly, as the majority notes), while the state’s closing argument (that if the jury returned a verdict of not guilty, it was declaring that the community approved the use of heroin) was so clearly improper and prejudicial as to warrant a mistrial rather than an admonition, especially in view of the previous errors tending to deny the accused adequate cross-examination of a principal state witness and a fair trial in general.
As we stated today in State v. Hayes, 364 So.2d 923 (docket no. 62255), this type of appeal to prejudice is prohibited by La.C.Cr.P. art. 774. See also State v. Kaufman, 304 So.2d 300 (La.1974). The attempt to turn the verdict into a plebescite on heroin use, and to predict bad community consequences if the accused were found not guilty, is condemned by the American Bar Association Standards Relating to the Pros-ecutional Function, Standard 5.8(d) (1971): “The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury’s verdict.”
In cumulation, if not singly, the errors presented are so prejudicial that the defendants were denied a fair trial. Their convictions should be reversed, and the case remanded for a new trial, this time in accordance with law.