375 So.2d 1378 (1979)
STATE of Louisiana
v.
Arthur VALENTINE.
No. 64407.
Supreme Court of Louisiana.
October 8, 1979.
Sargent Pitcher, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Freddie Pitcher, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Defendant, Arthur Valentine, was indicted on a charge of first degree murder.
*1379 Following trial, defendant was convicted and sentenced to the custody of the Department of Corrections for life, without probation, parole or suspension of sentence.
On appeal, defendant makes four specifications of error. We find merit in specifications of error numbers one and two.

Specification of Error # 1
Defendant's first specification of error concerns the refusal of the trial judge to permit defense counsel to examine the notes used by a prosecution witness (from which he was testifying) or to require the witness to identify them properly.
In view of the recent decisions of this Court, it was error to allow the witness to testify from his notes without requiring the witness to identify the document and without allowing defense counsel the benefit of the document for purposes of cross-examination. State v. Tharp, 284 So.2d 536 (La.1973); State v. Perkins, 310 So.2d 591 (La.1975); State v. Franks, 363 So.2d 518 (La.1978). Denial of the right of inspection of the notes limits the defendant's right to cross-examination and confrontation of the witnesses against him.

Specification of Error # 2
During the cross-examination of a witness, controversy arose over a question asked by the defense counsel. The state took the position that the defense counsel was attempting, by the question, to get evidence before the Court without having the defendant testify. Accordingly, the assistant district attorney, in countering the tactics of defense counsel, stated:
". . . If Mr. Valentine wants to testify to it, he has a right to get up and do it . . . ."
Defense counsel properly objected and asked for a mistrial, which was refused.
A remark or comment on the defendant's failure to take the stand, whether direct or indirect, will not be permitted. Code of Criminal Procedure, art. 770; State of La. v. Marcello, 375 So.2d 94 (La.1979). See also State v. Johnson, 345 So.2d 14 (La.1977) which reverses conviction on practically identical facts.
For the above reasons, the conviction and sentence are set aside and we remand for a new trial.
DENNIS, J., concurs, believing that this case is distinguishable from State v. Marcello, cited by the majority.