520 So.2d 935 (1987)
STATE of Louisiana
v.
Kenneth A. WILSON.
No. CR 87-383.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Harold VanDyke, Gravel & VanDyke, Alexandria, for defendant-appellant.
T. Gerald Henderson, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and YELVERTON, JJ.
GUIDRY, Judge.
Defendant, Kenneth A. Wilson, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. A jury of six unanimously found defendant guilty of attempted simple burglary. Subsequently, defendant admitted the allegations of an habitual offender bill and was sentenced to four years at hard labor without benefit of good time. Defendant appealed urging only that the trial court erred when it refused to grant a mistrial or, in the alternative, defendant's motion that certain testimony be stricken.

*936 FACTS
On July 25, 1986, Michael Rachal and his twelve year old son, Joseph Rachal, were returning home from a hunting trip when they noticed some men sitting in a car parked in front of Leavine's Grocery, which is situated near Alexandria, Louisiana. The car was parked close to a Volvo, recognized by the Rachals as belonging to the owner of the grocery. After dropping a hunting companion off, Michael drove by the store a second time. This time the Rachals observed that two of the passengers from the first car were inside the Volvo and a third man was standing outside the other car, next to its open trunk.
Michael and Joseph went home, told Mrs. Rachal to call the police and the owner of the Volvo and switched cars in order to avoid detection. In order to get the license plate number from the defendant's car, Michael and Joseph drove to the store a third time. This time they both recognized the defendant in the front seat of the Volvo. Moments later, the defendant and his companions left the store. Michael followed the car until he could read the license plate and then returned to the store to await the arrival of the police. Defendant was subsequently arrested when he passed in front of the store and was identified by both Michael and Joseph. Items taken from the Volvo were found in the trunk of defendant's car.
At trial defendant testified that he never went into the Volvo but remained inside his own car and one of his companions burglarized the Volvo and placed the stolen articles in the trunk of his car without his knowledge.
After the jurors were sworn, the defense moved that all witnesses be placed under the rule of sequestration. The motion was granted by the court. On the second day of the trial Joseph Rachal testified first, followed by Michael Rachal. During the testimony of Michael Rachal, the defense moved for a mistrial or, in the alternative, that both Michael and Joseph Rachal's testimony be stricken based on an alleged violation of the rule of sequestration. In support of these motions, it was established that the night before they testified, Michael and Joseph accompanied the assistant district attorney to Leavine's Grocery to measure distances. Joseph was present while his father and the assistant district attorney paced off the distances and reviewed where the cars were parked. Afterwards, both witnesses were separated and the assistant district attorney discussed their testimony individually with each of them. There was no review or discussion of either witnesses' testimony in the presence of each other except for the measuring of the distances.
Defendant contends that the trial court erred in denying its motion for a mistrial or, in the alternative, his motion that Michael and Joseph's testimony be stricken. He argues that the purpose of the rule of sequestration was violated by allowing one witness to view the physical reenactment of the crime, i.e., Michael's pointing out where the cars were located and measuring distances. The State argues that it did not violate the rule of sequestration and, in any event, there were material differences in the testimony of the witnesses as to the physical description of some landmarks such that no prejudice to the defendant resulted. Joseph and Michael both testified that the distance from the roadway to the store was 26 steps, but their testimony differed as to the description of the lighted sign. Measuring the distances was the only time both witnesses met jointly with the assistant district attorney. The trial judge denied the motions.
La.C.Cr.P. art. 764 provides, in pertinent part, as follows:
"A. Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice."
The purpose of the rule of sequestration is to prevent witnesses from discussing *937 the facts of the case among themselves and from hearing prior testimony which may consciously or subconsciously affect their testimony and to strengthen the role of cross-examination in developing the facts. State v. Green, 470 So.2d 434 (La.App. 3rd Cir.1985), writ denied, 475 So. 2d 355 (La.1985); State v. Johnson, 438 So.2d 1091 (La.1983). It is within the trial judge's discretion to disqualify a witness if the rule of sequestration is violated. State v. Kimble, 407 So.2d 693 (La.1981). Unless there is a clear showing of abuse of discretion, the trial judge's ruling will not be disturbed. Id. Upon review, the court will examine the facts of the individual case to determine whether the violation resulted in prejudice to the defendant. State v. Ardoin, 340 So.2d 1362 (La.1976); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir. 1983), writ denied, 444 So.2d 1241 (La. 1984). A violation of the rule of sequestration in and of itself, does not warrant a mistrial. The defendant must show the violation resulted in actual prejudice to the defendant. La.C.Cr.P. art. 921; State v. Tauzier, 397 So.2d 494 (La.1981).
Although the meeting between the assistant district attorney and the Rachals, on the evening of the first day of trial, may have constituted a technical violation of the rule of sequestration, we conclude that the trial court did not err in refusing to grant a mistrial or in refusing to strike the testimony of the Rachals. The defendant must show that the testimony of Joseph was unduly influenced and tainted by his observing his father and the assistant district attorney measuring distances. Each witness met separately with the assistant district attorney to discuss his own testimony. Defense counsel learned of this meeting through cross-examination. The jurors heard all of the testimony of the Rachals, including the fact that the night before they had met with the assistant district attorney, and were free to attach such credibility to the testimony of the witnesses as they felt it deserved. Even if there was a technical violation of the rule of sequestration, there is no evidence in the record establishing that the testimonies of the Rachals were tainted by such violation or that defendant suffered any prejudice. State v. Parker, 421 So.2d 834 (La.1982); State v. Johnson, 343 So.2d 155 (La.1977).
For these reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.