614 So.2d 252 (1993)
STATE of Louisiana, Appellant,
v.
Marcel O. WILLIAMS, Appellee.
No. CR 92-726.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Laura Johnson, Alexandria, for appellant.
Edward Trapley, Dist. Atty., Thomas G. Wilson, Asst. Dist. Atty., Colfax, for appellee.
Before DOMENGEAUX C.J., and DOUCET and DECUIR, JJ.
DECUIR, Judge.
The defendant, Marcel O. Williams, was charged by bill of information with the offense of distribution of cocaine, a violation *253 of La.R.S. 40:967 A(1). Trial on the charge was set for May 26, 1992. However, prior to the convening of the jury, the defendant filed a Motion to Quash, raising the issue of venue and questioning whether the offense occurred in Grant Parish. A hearing was held on the Motion to Quash on May 26, 1992. The court ruled that certain testimony from Officer Mosley, a key State's witness, was inadmissible hearsay. As a consequence of the exclusion of this testimony, the court ruled that the State failed to prove, by a preponderance of the evidence, that the offense occurred in Grant Parish. Accordingly, the court ruled that venue was improper as to Grant Parish, and that the Motion to Quash should be granted. The State now appeals the ruling of the trial court, alleging two (2) assignments of error. We will address assignment number two first, and will then address assignment number one.

FACTS
In the summer of 1990, Ms. Harriet Sykes was deputized by the Grant Parish Sheriff's Department and engaged to make undercover narcotics buys. On July 27, 1990, the defendant and Ms. Sykes travelled from Colfax, Louisiana, to Boyce, Louisiana, to purchase crack cocaine. Ms. Sykes gave the defendant twenty ($20) dollars to purchase the cocaine before leaving for Boyce. The car, driven by Ms. Sykes, was followed by another vehicle, driven by Officer Mosley of the Grant Parish Sheriff's Department. Ms. Sykes wore a concealed microphone, allowing Officer Mosley to monitor conversations between Ms. Sykes and the defendant. After stopping at an apartment complex in the town of Boyce, Louisiana, Ms. Sykes said, "He's gone into the apartment." When the defendant returned with the drugs, the defendant said "How's this?" Ms. Sykes replied "That's fine." Deputy Mosley followed the defendant and Ms. Sykes back to Colfax. After the two cars re-entered Grant Parish, Officer Mosley heard Ms. Sykes say, "Okay, I've got it," referring to the cocaine. Officer Mosley was certain that both vehicles had re-entered Grant Parish when Ms. Sykes made this statement. Ms. Sykes confirmed that the defendant gave her the drugs in Grant Parish and that she made the statement to alert Officer Mosley to this fact. After the defendant was dropped off in Colfax, Ms. Sykes proceeded to a pre-determined location and gave the cocaine to Officer Mosley.

ASSIGNMENT OF ERROR NO. 2
The State contends the trial court erred in holding that testimony given by a deputy who was monitoring transmissions from a clandestinely-placed radio transmitter upon the person of an undercover deputy was excluded from introduction into evidence by the hearsay rule. Following an objection by defense counsel, the trial court ruled that the testimony of Officer Mosley concerning the conversations which he monitored between the defendant and Ms. Sykes was inadmissible hearsay. We disagree.
LSA-C.E. art. 801(D)(4) codified what was previously referred to as the "res gestae" exception to the hearsay rule, and allows admission of statements which are hearsay, as follows:
"Things said or done. The statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
Officer Mosley's testimony related the words and events as he actually heard them unfold, and was thus admissible under the res gestae exception to the hearsay rule.
Statements made to police officers during a drug search of a private dwelling were held to be admissible under the res gestae exception. State v. Alexander, 556 So.2d 1331 (La.App. 3rd Cir.1990), writ denied, 563 So.2d 876 (La.1990). The res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and *254 declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime, if the continuous chain of events is evident under the circumstances. State v. Kimble, 407 So.2d 693 (La.1981); State v. Hall, 549 So.2d 373 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 1259 (La.1990). A defendant's comments to police officers, which formed an integral part of the transaction, were admissible under the res gestae exception. State v. Laviolette, 576 So.2d 1000 (La.App. 3rd Cir.1991), writ denied, 581 So.2d 683 (La.1991).
In the defendant's case, Officer Mosley overheard the conversations as they occurred. His testimony related the words and events which he personally heard before, during, and after the crime occurred. As such, Officer Mosley's testimony is admissible under the res gestae exception to the hearsay rule. The trial court incorrectly determined that the testimony was inadmissible.

ASSIGNMENT OF ERROR NO. 1
The State contends that the trial court erred in finding insufficient evidence to support jurisdiction over a crime which was committed in Grant Parish. The trial court ruled that the State did not establish that the "incident occurred in Grant Parish," and that the State "failed to prove all it needs to prove" under La.C.Cr.P. art. 615.
When pleading improper venue through a motion to quash, Article 615 provides:
Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
La.C.Cr.P. art. 611 states that venue is proper where any act or element of the offense occurred. La.R.S. 40:961(13) states that "distribution" is the delivery of the illegal substance, including physical delivery of the drug. The defendant contends that the State did not prove that the exchange of drugs occurred in Grant Parish.
The State charges that the physical delivery of the cocaine, from the defendant to Ms. Sykes, occurred in Grant Parish. The trial court's refusal to admit officer Mosley's testimony adversely affected the State's effort to establish, by a preponderance of the evidence, that the offense occurred in Grant Parish. The court, in ruling the testimony inadmissable, noted that "the court is then left with the defendant's word versus that of the deputy informant."
As previously stated, Officer Mosley testified that he heard Ms. Sykes say "I've got it," referring to the cocaine and that both Officer Mosley's vehicle and Ms. Sykes' vehicle were physically located in Grant Parish at the time of Ms. Sykes' statement. The location of the vehicles was confirmed, during the hearing, by Ms. Sykes. Ms. Sykes' testimony, together with that of Officer Mosley, proves that the offense occurred in Grant Parish by a preponderance of the evidence.
The order of the trial court granting the defendant's Motion to Quash is reversed, vacated and set aside. The defendant's Motion to Quash is denied.
REVERSED AND RENDERED.