315 So.2d 278 (1975)
STATE of Louisiana
v.
Wilbert J. FORET, Jr.
No. 55947.
Supreme Court of Louisiana.
June 23, 1975.
Timothy C. Ellender, St. Martin & Ellender, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., William G. Yates, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Wilbert J. Foret, Jr., was charged by Bill of Information with having unlawfully and knowingly distributed marijuana. He was found guilty and received a five year sentence.
On Appeal he presents three assignments of error.

*279 ASSIGNMENT OF ERROR NO. 1.

During the cross-examination of a state witness (an informer whose testimony was crucial to the State's case) the trial court denied a defense request for the witness' social security number. Defendant argues that the requested information was needed to secure copies of the witness' federal income tax return for the purpose of impeaching the witness.
The witness had testified on cross-examination that he had filed a tax return in 1973 (prepared for him by his lawyer) but that he could not recall what income had been reported. He also testified that he received money for informing on people. He admitted that the more people he turned in, the more money he received.
The State cites 26 U.S.C. § 7213, 26 U. S.C. § 6103 and R.S. 47:1508 in support of the proposition that the witness' income tax returns were not available and would not have been made available to defendant even had the witness divulged his social security number at trial.
Defendant did not establish that the social security number had any relevance. The inquiry was more in the nature of a general fishing expedition. The record reveals that defendant was given wide latitude in cross-examining this witness. The only information denied defendant by the trial court was the name of the lawyer who prepared the income tax return (as to which no assignment of error has been made) and the social security number. Defendant was allowed a lengthy and searching cross-examination of this witness. Under these circumstances, we cannot say that the trial court erred in denying defendant the social security number of the witness.

ASSIGNMENT OF ERROR NO. 2.
This assignment of error arose when the defendant's request for a copy of a report prepared by a state witness, a police officer, was denied.
The witness testified that he had gone over the report that morning prior to coming to court but did not have a copy of it with him on the stand (although the prosecutor had a copy, according to the witness).
Under circumstances such as existed in this case, this Court has not heretofore required a witness police officer to produce, for the defendant's inspection or use in cross-examination, a copy of the report prepared by the witness.[1] A defendant may obtain a copy of a police report if it is established that there is an inconsistency between the officer's in court testimony and his report. State v. Cryer, 262 La. 575, 263 So.2d 895 (1972); State v. Nails, 255 La. 1070, 234 So.2d 184 (1970); R.S. 15:493. But cf. State v. Babin, La., 319 So.2d 367 presently pending on rehearing. A defendant may also obtain a copy of a police report when the officer's testimony is from his report rather than from memory, or that his testimony in any measure was the product of past recollection recorded rather than present memory refreshed. Compare State v. Perkins, 310 So.2d 591 (La.1975); State v. Tharp, 284 So.2d 536 (La.1973) (wherein it was held that the defendant was entitled to a copy of the reportpast recollection recorded) with State v. Lane, 302 So.2d 880 (La. 1974); State v. Payton, 294 So.2d 211 (La. 1974) (wherein it was held that the defendant was not entitled to a copy of the reportpresent memory refreshed).
In this case there is no indication that there is any inconsistency between the *280 officer's report and his in court testimony. Nor is there any indication that the officer was testifying from the report (past recollection recorded). Rather it appears that he was testifying from memory (present memory refreshed).
This assignment is therefore without merit.

ASSIGNMENT OF ERROR NO. 3.
Defendant contends that the State's entire case against him consisted of testimony by an informer who had been totally discredited on cross-examination. Based upon this contention he moved for a directed verdict. He assigns as error that the trial court erred in denying that motion.
A motion for a directed verdict is proper only when there is no evidence of an essential element of the charged crime. State v. Patterson, 295 So.2d 792 (La. 1974); State v. Douglas, 278 So.2d 485 (La.1973). While we are not prepared to say that any testimony however incredible or fantastic will bar the granting of a motion for a directed verdict, we are of the opinion that such is not the case here. We are satisfied that there was some evidence of each of the essential elements of the charged crime. Thus, a directed verdict in favor of defendant was properly denied.
The assignment is without merit.
For the above assigned reasons, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
DIXON, J., concurs.
TATE, J., concurs, with reservations. I can see no sound reason why cross-examination as to the social security number was not permitted, but this narrow restriction is harmless (Bill No. 1). The better rule would be to produce the writing referred to, pre-trial, and save post-conviction attack on alleged denial of confrontation, but the holding is in accord with our other decisions (Bill No. 2).
BARHAM, Justice (dissenting).
The majority of this Court have, in a number of cases, construed State v. Tharp, 284 So.2d 536 (La.1973) (written by this author) to be a holding having to do only with "past recollection recorded." Certainly, this writer never intended that such an understanding would flow from the language of that opinion. That opinion merely distinguished between "past recollection recorded" and "memorandum which refreshed present memory."
We held in Tharp that defense counsel has a right to memorandum from which a witness refreshes his memory for testimony, in order that there may be full confrontation of the witness as to whether memory is actually refreshed and as to the truthfulness of the testimony as opposed to the written memorandum. The only distinction in the instant case and other decisions of this Court including Tharp, is that the witness had refreshed his memory from a written memorandum outside the courtroom and then conveniently left this writing outside of the courtroom, but testified that what he states in oral testimony is in fact memory refreshed from the written report.
I am of the opinion that the defendant is entitled to have that report to test whether the witness' memory has been accurately refreshed and to test for contradictions between the oral testimony and the written report. I see no distinction between memory refreshed in the courtroom and memory refreshed just outside the courtroom. To make such a distinction invites fraud and ill practices on the part of parties and witnesses in all trials.
I respectfully dissent.
NOTES
[1] See however the special concurring reasons of Justice Tate in State v. Babin, No. 54,608, decided February 24, 1975, presently pending on rehearing, in which Justice Tate was joined by Justice Barham and the author herein.