341 So.2d 394 (1976)
STATE of Louisiana
v.
James BANKS.
No. 58374.
Supreme Court of Louisiana.
December 13, 1976.
*395 Robert J. Zibilich, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On July 10, 1975, the Orleans Parish Grand Jury indicted defendant, James Banks, for possession of heroin with the intent to distribute. La.R.S. 40:966. A motion to suppress evidence filed on defendant's behalf was denied on September 19, 1975, following a hearing. Defendant waived his right to a trial by jury and was convicted in a bench trial of possession of heroin. He was subsequently sentenced as a multiple offender to serve fifteen years in the custody of the Department of Corrections. On appeal, defendant urges that the trial court erred in denying his motion to suppress evidence.
At approximately 2:30 a.m. on the morning of June 9, 1975, two New Orleans police detectives, Emmet Dupas and Joseph Waguespack, were patrolling an area on North Galvez Street which had been the site of two recent robberies. Upon observing the suspicious manner in which two men entered a lounge at the corner of North Galvez and St. Ann Streets, they parked their unmarked police vehicle at the intersection and set up surveillance of the lounge.
As the police officers watched, defendant walked toward them with two companions, Diane Campbell and Clarence Triplett. Officer Dupas saw defendant remove a large revolver and a brown object from his waistband, and called this activity to the attention of Officer Waguespack. Both officers observed defendant turn to Ms. Campbell and place the revolver in her purse; Dupas testified at the hearing on the motion to suppress that he also saw defendant transfer the brown object to Ms. Campbell's purse. Ms. Campbell was promptly arrested for possession of a concealed weapon, La.R.S. 14:95, and a search of her purse produced a .38 caliber revolver and a brown paper bag containing thirty-one packets of heroin. Defendant and his companions were arrested for possession of narcotics.
Under the facts and circumstances of this case, the officers clearly had probable cause to arrest Ms. Campbell for possession of a concealed weapon, and the warrantless search of her purse incidental to that arrest was lawful. La.C.Cr.P. art. 213; State v. Gordon, 332 So.2d 262 (La.1976).
On appeal, defendant does not contest the validity of the search, but complains of the court's refusal to compel the arresting officers to produce their police report at the hearing. Arguably, the judge's rulings denying defendant access to this material were independent of his ruling denying the motion to suppress and consequently, defendant should have filed a separate assignment of error relating to this issue if he intended to present it for this Court's review. La.C.Cr.P. arts. 844 and 920. Nevertheless, we will address the problem because it was the central issue contested at the hearing on the motion to suppress.
The theory of Banks' defense was that Triplett had placed the paper bag of heroin in Diane Campbell's purse before defendant handed her the revolver; Ms. Campbell testified to this effect at trial. Therefore, Officer Dupas' testimony that he had seen defendant put a brown object, together with the revolver, in Ms. Campbell's purse was hotly contested at the motion to suppress hearing. Officers Dupas and Waguespack were both questioned as to whether *396 their police report prepared after the arrest related that defendant had transferred the bag to Ms. Campbell. Waguespack stated that he did not remember; Dupas conjectured that this information was contained in the report since he presumed that it was complete and contained all the pertinent facts of the arrest. Defense counsel suggested that the police report would reflect that the packets of heroin were not wrapped in a bag but were loose in the purse, and requested the court to compel its production either for his examination or for an in camera inspection by the court. The request was denied.
Police reports are considered confidential, and generally the State may not be compelled to produce them for inspection. State v. Square, 257 La. 743, 244 So.2d 200, 220 (1971). However, we have held that a defendant may obtain a copy of a police report if it is established that there is an inconsistency between the officer's testimony at trial and his report, or when the officer's testimony at trial is from his report rather than from his memory. State v. Bolton, 337 So.2d 446 (La.1976); State v. Monroe, 329 So.2d 193 (La.1976); State v. Foret, 315 So.2d 278 (La.1975). But whether these rules govern pre-trial discovery is an unsettled question. See, State v. Babin, 319 So.2d 367, 372 (La.1975) (Tate, J., concurring); G. Pugh, Louisiana Evidence Law, 686-88 (1974).
In any event, both exceptions are inapplicable here. Officer Dupas testified that he had read the report shortly before the hearing, but that it served only to refresh his memory, and both officers stated that they were recounting the events of June 9, 1975 from their present recollection of them. Neither officer consulted the report at any time during their testimony. A defendant is not entitled to a copy of the report where the witness' testimony is the product of present memory refreshed rather than past recollection recorded. State v. Foret, supra.
Defendant argues, however, that conflicting testimony by the two officers indicates that one of the officers must have been testifying inconsistently with the facts stated in the police report, which both helped to prepare. He claims that the officers differed in their statements on three subjects: whether the paper bag was mentioned in the police report; whether the bag was open in Ms. Campbell's purse; and whether the heroin was found loose in the purse or inside the paper bag. Our review of the testimony reveals that both officers agreed the bag was closed and the heroin was wrapped inside the bag rather than loosely contained in the purse. Furthermore, we find no genuine conflict in the officers' testimony relative to the contents of the police report; Dupas stated, after displaying some uncertainty on this point, that he believed the report referred to the brown paper bag; Waguespack merely stated that he could not remember whether the bag was mentioned in the report. This does not demonstrate any inconsistency between their testimony and the facts related in the police report. Consequently, we hold that the trial judge correctly refused to order the witnesses to produce their report.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
DIXON, J., concurs.