STOKER, Judge.
This is an appeal from a conviction of aggravated rape in violation of LSA-R.S. 14:42 and a sentence of life imprisonment without benefit of probation, parole or suspension of sentence.
On October 29, 1981, the defendant, David Trahan, and Rusty Brown were driving on an isolated road near Church Point and stopped at the Bellard residence. Tra-han asked Mrs. Virginia Bellard, whose husband was at work and who was alone with her two-year-old child, for directions *110 and then asked to use the bathroom. She allowed him to enter the house and directed him toward the bathroom. She testified that when he came out of the bathroom he pointed a gun at her and ordered her into the bedroom. She further testified that she did not physically resist as he commanded her to disrobe and engage in sexual intercourse. The defendant testified that he did not have a gun, that she led him into the bedroom and encouraged and consented to having sexual intercourse.
The defendant makes seven assignments of error.
Assignment of error No. 4 is considered abandoned as it was not briefed.
In the first and second assignments of error the defendant argues that the trial court erred in refusing to permit the defendant to cross-examine the victim and her husband regarding the facts and circumstances of a proposal to withdraw charges against the defendant if the defendant would pay them $75,000 and regarding a tape recording of this offer which was disclosed to the district attorney’s office. The defendant argues that he should have been allowed to introduce this evidence to show bias, interest or corruption on the part of the complaining witness. LSA-R.S. 15:492 provides:
“When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.”
The trial court allowed evidence of a conversation the victim had with her husband regarding such an offer, but did not allow her to be cross-examined as to whether she knew that such an offer had been made or whether the tape of the offer to the defendant’s father had been played for her. This was not allowed into evidence on grounds it was hearsay. Even if it was error for the trial court to exclude this evidence, we do not believe the defendant was prejudiced by the ruling. The victim testified that she spoke to her husband about such an offer. Her husband testified he met with the defendant’s father and discussed such an offer. We do not believe any additional testimony on the offer or the tape of the offer would further show hostility, bias, or corruption of the witness. The exclusion of the evidence is not reversible error. Additionally, since defense counsel called Mr. Bellard, the victim’s husband, as a defense witness, he was not entitled to cross-examine or try to impeach him. He was not entitled to impeach Mrs. Bellard by her husband’s testimony because she did not deny any fact showing bias, interest or corruption.
The third assignment of error is that the trial court erred in its refusal to require state witness Kenneth Goss, who was Chief of Detectives of the Acadia Parish Sheriff’s Department, to produce his investigative records and notes of the case. Goss testified from memory and one card with dates written on it. Defense counsel was permitted to see that card. Goss may have refreshed his memory prior to trial by reading over the report he made or reading other records.
The jurisprudence as to production of police reports was outlined in State v. Latin, 412 So.2d 1357 (La.1982), as follows:
“The State is not required to produce police reports of a testifying officer unless'(1) the officer has physical possession of the report on the stand and testified from it. State v. Perkins, 310 So.2d 591 (La.1975); or
(2) the officer testified exclusively from his past recollection recorded even though the officer does not have physical possession of the report on the stand. State v. Tauzier, 397 So.2d 494 (La.1981); State v. Banks, 341 So.2d 394 (La.1976); and
(3) it is established that there is an inconsistency between the officer’s testimony at trial and his report. State v. Carter, 363 So.2d 893 (La.1978).”
*111 Goss did not have his report with him on the stand. He testified from his memory, although he may have read over his report. No inconsistency between his testimony at trial and his report has been established. He was not required to produce his record. There was no error by the trial court.
The fifth assignment of error is that the trial court erred in refusing to recess overnight prior to closing arguments. The granting of a recess is within the sound discretion of the trial judge and will not be reversed in the absence of a showing of an abuse of discretion. State v. Wise, 434 So.2d 1308 (La.App. 3rd Cir.1983), writ denied, 437 So.2d 869 (La.1983). At 5:30 p.m. on the third day of trial the defense counsel moved for a recess until the next day. He argued that he needed more time to prepare his closing argument and that he could not physically continue since he was eighty years old and had not eaten since lunch. The State objected to recessing since the jury had elected to continue into the evening. The trial court denied the recess. A review of the record reveals that during his closing argument the defense counsel was articulate, alert and competent, and defended his client adequately. There is no showing of prejudice to the defendant. The trial court did not abuse its discretion.
In his sixth assignment of error the defendant argues that the court erred during voir dire in its failure to prevent the prosecution from vouching for the credibility of his chief witnesses and denigrating the presumption of innocence and burden of proof. The defendant failed to object at trial to the remarks he claims were prejudicial. Under Article 841 of the Code of Criminal Procedure, “An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” Since defense counsel did not object during voir dire, he may not object on appeal.
In his seventh assignment of error, the defendant contends the trial court erred in imposing a sentence of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. He contends such a sentence is cruel, unusual and excessive punishment. The trial judge imposed the mandatory sentence for aggravated rape. Once the jury found the defendant guilty of aggravated rape the trial judge had no discretion in sentencing. The trial judge did not err in imposing the sentence.
Since we find that none of defendant’s assignments of error have merit, the conviction and sentence must be affirmed.
AFFIRMED.