WRIT GRANTED
The court shall issue subpoenas for the compulsory attendance of witnesses at hearings or trials when requested to do so by the State or the defendant. La.C.Cr.P. Art. 731. A subpoena may order a person to produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court shall vacate or modify the subpoena if it is unreasonable or oppressive. La.C.Cr.P. Art. 732.
Unless a subpoena requesting the production of books, documents, etc., is unreasonable or oppressive, the court has no discretion, but “shall issue subpoenas ... when requested to do so by the State or the defendant.” The opposing party or the person to whom the subpoena is directed may move the court to quash the subpoena. The court may then decide if there exists grounds for quashing the subpoena.
In this case the court did not rule that the subpoena was unreasonable or oppressive, therefore issuance should not have been denied. Nevertheless, a contradictory hearing was held with the State and the police department represented. We will treat this hearing, as apparently did all those involved, as a hearing on a motion to quash.
At issue is the meaning of the term “initial report” in Act 945 of the 1984 regular session of the Louisiana legislature. This act amended La.R.S. 44:3(A)(4) to provide that “the initial report of the officer or officers investigating a complaint ... shall be a public record.” Defendant has requested he be provided with the “initial report of the officer or officers investigating the complaint which led to [his] arrest.”
The New Orleans Police Department does not generate a document entitled “initial report.” Thus, the confusion concerning what to provide defendant as per his request. Defendant would like the officers’ incident report. The State argues that this report is privileged because it is an investigative report.
La. Act 945 of 1984 does not purport to repeal or modify the existing discovery rules of the Louisiana Code of Criminal Procedure, Arts. 716 et seq. These articles, particularly Art. 723, clearly do not authorize the discovery of “documents made by the district attorney or by agents of the State in connection with the investigation or prosecution of the case.” Act 945 provides that it does not apply “to any *584 followup or subsequent report or investigation.”
We find that “initial report” refers to the non-investigative aspects of the first report generated by the officer or officers investigating a complaint. In this case the first report generated by the officers investigating the complaint is the incident report. Accordingly, it is ordered that:
ORDER
The trial judge shall inspect in camera the first incident report generated by the officers investigating the complaint which led to defendant’s arrest, and order provided to the defendant those non-investigative aspects of the report discoverable under La.C.Cr.P. Arts. 716 et seq. All aspects of the report not authorized for discovery or production under La.C.Cr.P. Arts. 716 et seq. and La. Act. 945 of 1984 shall not be provided to the defendant.
Relator’s request for a stay order is denied.