CIACCIO, Judge.
This case involves three persons arrested and charged in connection with the seizure of some cocaine by New Orleans Police officers pursuant to two search warrants. Defendants filed numerous pre-trial motions. At the hearing on these motions, defendants lodged objections to some of the trial court’s findings. Defendants applied to this court for a writ of certiorari and a stay order.
After reviewing defendant’s application we granted a stay and issued a writ of certiorari. Defendants have assigned three errors to the pre-trial proceedings. We have reviewed the proceedings and remand this matter with instructions.
The first assigned error concerns the trial court’s refusal to issue a subpoena duces tecum requested by defendants. As this court recently stated in State v. Shropshire, 468 So.2d 582 (1985).
Unless a subpoena requesting the production of books, documents, etc., is unreasonable or oppressive, the court has no discretion but “shall issue subpoenas ... when requested to do so by the state or the defendant.” [La.C.Cr.P. Arts. 731 and 732]
We should also include the additional codal requirement that the request include a “reasonably accurate description” of the items requested.
As in Shropshire the court did not find the subpoena unreasonable or oppressive. Nor did the court find lacking a reasonably accurate description of the item requested. As in Shropshire, therefore, issuance of the subpoena should not have been denied.
An issue also arose as to the timeliness of defendants’ request. We are unaware of any time limitation for requesting the issuance of a subpoena, and as indicated above, issuance should not have been denied. We do not find any error, however, in the trial court’s denying defendants’ motion for a continuance to await a return on the subpoena.
These pre-trial hearings had been set for October 15. They were finally heard on November 30. Defendants did not make their request for a subpoena until November 30.
The trial judge is vested with great discretion in controlling the orderly conduct of the proceedings in his court. A trial court’s ruling on a motion to continue pretrial hearings will not be disturbed absent clear abuse of discretion. We find no abuse in this case.
Defendants next cite as error the trial court’s refusal to require the state to provide a written bill of particulars. La.C. Cr.P. Art. 484 provides that “a copy of the bill [of particulars] shall be given to the defendant.” Clearly, to provide defendant a copy implies the existence of an original, which “shall be filed of record.” We find that the original bill and the copy given to the defendant must be in writing.
*796 Again, the issue arose concerning defendants’ request for a continuance because of the lack of a written bill. There are three defendants and two charges. The record contains a written bill of particulars for defendants Smith and Phillips in one case, and for defendant Montana in the second case. The State did not file a written bill as to defendant Phillips in the second ease, but did provide oral answers to the information requested by defendant’s motion for the bill of particulars.
Defendants Smith and Montana have no ground for a continuance as they were provided a written bill just as they requested. While defendant Phillips is clearly entitled to a written bill in his second case, we find no abuse of discretion on the part of the trial court in denying the motion for continuance. Defendant did not request that he be provided with the bill of particulars (or any of the answers to motions for discovery and inspection) prior to the hearings on his other pre-trial motions. Defendant received his bill, albeit orally, when requested, and cannot expect a continuance of the other motions simply on the ground of having just received the bill.
Further, the trial judge informed defense counsel that when they received copies of the search warrants, he would permit them to reopen the motions to suppress if they discovered grounds to do that. We presume the court’s ruling would be the same regarding any information which should have been provided defendants in answers to their motions but which the State was not prepared to provide on the date of the hearings. We find no error in this.
Lastly, defendants complain that in light of the above assigned errors and the “entire tenor of the motion hearings”, that they did not receive fair hearings. While all counsel could have been more organized in their presentations for the hearings, we do not find that the proceedings resulted in any unfairness to defendants. Defendants received hearings on all of their motions and received rulings from the trial court. While the hearings may not have been pro-eedurally perfect, due process was served.
Accordingly, this matter is remanded to the trial court. The trial court is instructed to issue the subpoena requested by defendants and to compel the state to provide defendant Phillips with a written bill of particulars in that case where one is lacking. All other information requested by defendants and promised by the state should also be provided. The stay order previously issued is rescinded.
REMANDED WITH INSTRUCTIONS.
GULOTTA, J., dissents and assigns reasons.