471 So.2d 707 (1985)
STATE of Louisiana
v.
Lonnie J. SHROPSHIRE, Jr.
No. 85-KK-0312.
Supreme Court of Louisiana.
June 17, 1985.
Rehearing Denied September 9, 1985.
*708 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William Campbell, Jr., Michael McMahon, Asst. Dist. Atty., for respondent.
Marc Morial, Fredericka Homberg, New Orleans, for relator.
WATSON, Justice.
Defendant, Lonnie J. Shropshire, Jr., was charged with the simple burglary of a Church's Fried Chicken restaurant on June 28, 1984, in violation of LSA-R.S. 14:62. Defendant attempted to compel production by the state of the "initial report" of the officer or officers investigating the complaint against him, as provided by Act No. 945 of 1984, amending LSA-R.S. 44:3 A(4).[1] The Act makes initial police reports public records.
Since the New Orleans Police Department entitles its first report by the officers investigating a complaint an "incident report" rather than an "initial report", the state argued that it could not comply with the request. The trial court refused to compel production of the report, declaring Act No. 945 to be vague, ambiguous and impossible to interpret.[2]
The Court of Appeal, Fourth Circuit, 468 So.2d 582, granted a writ and concluded that Act No. 945 of 1984 had to be construed with LSA-C.Cr.P. art. 723 which, with the exceptions provided in Arts. 716, 718, 721, and 722, does not authorize discovery of reports made by agents of the state in connection with the investigation of a case. The Court of Appeal concluded that an "incident report" is tantamount to an "initial report" but any parts of the incident report which were investigative in nature were not discoverable. An in camera inspection by the trial judge of the "incident report" was ordered so that the investigative features of the report could be excluded from defendant's discovery. A writ was granted. 463 So.2d 1325 (La. 1985).
What is entitled the incident report by the New Orleans Police Department is synonymous with the initial report referred to in Act No. 945 of 1984. Merely because the New Orleans Police Department labels the initial report by the investigating officers *709 an incident report does not remove that report from the scope of the statute. The statute, in distinguishing between the initial report of the officer or officers investigating a complaint and any followup or subsequent report or investigation, draws a clear line of demarcation between the initial report and any subsequent investigative reports. The initial report of the investigating officers constitutes a public record and is subject to discovery.
Since Act No. 945 specifically refers to investigation, the court of appeal erred in finding that the investigative aspects of the report were not subject to disclosure. Prior to Act No. 945, police reports were confidential and not subject to disclosure. State v. Gabriel, 450 So.2d 611 (La., 1984); State v. Tauzier, 397 So.2d 494 (La., 1981); State v. Franks, 363 So.2d 518 (La., 1978); State v. Banks, 341 So.2d 394 (La., 1976); State v. Square, 257 La. 743, 244 So.2d 200 (1971). However, these cases have been legislatively overruled by Act No. 945 and the specific language of that Act must be given effect.
For the foregoing reasons, the judgment of the court of appeal is amended to eliminate the in camera inspection by the trial court. The "incident report" of the officer or officers investigating this complaint is a public record and must be produced for defendant's examination.
The matter is remanded with an order for production of the "incident report", the initial report of the officer or officers investigating this complaint. It is so ordered.
AMENDED AND REMANDED WITH ORDER.
NOTES
[1] LSA-R.S. 44:3 A(4) as amended provides:

"A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, including public health investigators and inspectors, correctional agencies, or intelligence agencies of the state, which records are:
* * * * * *
"(4) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any followup or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record."
[2] In a separate civil proceeding against Henry Morris, Superintendent of the New Orleans Police Department, defendant sought a writ of mandamus compelling production of the initial police report: the civil district court issued a writ of mandamus, finding that the "incident report" is a public record under Act No. 945 of 1984, but stayed execution of its judgment.