516 So.2d 375 (1987)
STATE of Louisiana
v.
Johnnie A. BURNES.
No. K 7559.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1987.
Peter J. Castano, New Orleans, for relator.
Julia Colley, Asst. Dist. Atty., New Orleans, for respondent.
Before CIACCIO, SCHOTT and ARMSTRONG, JJ.
In the district court relator filed a motion for production of the initial police report. The district court correctly instructed relator to file a motion for a subpoena duces tecum requesting the report from its custodian, the Criminal Records Division of the New Orleans Police Department. Relator did this, and the court issued the subpoena.
The return on the subpoena, apparently given by an assistant district attorney, was that there is no "initial police report." The trial judge conducted an in camera inspection of the district attorney's file. From that file the court gave relator copies of the application for a warrant to arrest relator, the computer printout log of the police action taken in response to the complaint, and the bulletin issued by an investigating detective which contains information on the nature, location and time of the crime, the identity of the victim, the naming of relator as a "wanted subject," and additional remarks providing a synopsis of the statements of witnesses who observed the crime and identified relator as the perpetrator from a photographic lineup. The court also ruled that the police report contained in the district attorney's file was not an initial report to which relator was entitled access.
Relator alleges that because this was a homicide, the officers initially investigating the complaint, alleged by relator to be patrolmen, did not conduct an "investigation," but called for Homicide Division Detectives to "investigate." Relator argues that the "initial report" made a public record by La.R.S. 44:3A.(4) is the report of the investigating homicide detectives. He asserts the existence of this report, and argues his right to obtain it.
The statute declares as a public record "the initial report of the officer or officers investigating a complaint." Relator's argument focuses on "investigating," giving the word a very narrow definition. Considering the entire statute we conclude that the initial report of the officer or officers investigating a complaint is a public record, and that any report concerning investigation beyond investigating the complaint is not a public record.
Accepting as true relator's allegations concerning police procedure for handling homicides, we find that relator may obtain as a public record the initial report of the officer or officers investigating the complaint, e.g. someone heard a gunshot, *376 someone saw a shooting, someone found a man who had been shot, someone found a dead man, etcetera. If those officers after investigating the complaint determined that there apparently had been a homicide and that internal department policy required them to relinquish subsequent investigation to homicide detectives, that department procedure does not change the statute. If those officers prepared a report of their investigation of the complaint, it is a public record to which relator has access. The subsequent report of the further investigation of the homicide detectives is not available to relator and is expressly excluded by the statute. La.R.S. 44:3A.(4).
If the officers investigating the complaint did not prepare a report, obviously relator may not obtain it. The failure of those officers to prepare a report does not then make the first report prepared a public record. Only the initial report of the officer or officers investigating the complaint is a public record.
When officers respond to a complaint they may, among other things, investigate to determine the factual nature of the complaint, the veracity of the complainant and the validity of the complaint, whether the complaint indicates the commission of a crime, whether any further police action is warranted and if so, what action and when, immediate or future. The report of the officer investigating the complaint is a public record. Reports prepared concerning subsequent investigation, even if this investigation follows immediately the investigation of the complaint, are not public records.
The district court apparently found that the officers investigating the complaint did not prepare a report. To the extent that this is a factual conclusion, we do not have jurisdiction to review facts. As a legal question, however, we may review the district court's classification of the report or reports that do exist. Relator's application asserts that a report exists. He alleges that this report is the first report prepared, and that it was prepared by homicide detectives called to the scene by those officers who investigated the complaint, ascertained that the occurrence was an apparent homicide, and following department procedure ceased their investigation of the complaint and turned over the matter to the detectives for subsequent investigation of an apparent crime. The trial court found that this report is not the initial report of the officer or officers investigating the complaint; he concluded, therefore, that it is not a public record; and he denied relator access to it. We find no error in this ruling.
Accepting as true all of the factual allegations of relator's application, we find the ruling of the district court correct. We, therefore, deny relator's application for writs.