523 So.2d 879 (1988)
STATE of Louisiana
v.
Ronnie H. EVERRIDGE.
No. KA-8316.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Rehearing Denied May 11, 1988.
*880 Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Elizabeth W. Cole, Supervising Atty., Bruce C. Collier, Student Practitioner, Tulane Law Clinic, New Orleans, for defendant-appellant.
Before SCHOTT, GARRISON and CIACCIO, JJ.
GARRISON, Judge.
The defendant, Ronnie Everridge, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. A jury found the defendant guilty as charged. He was sentenced to fifteen years at hard labor without benefit of parole, probation or supension of sentence. Defendant appeals his conviction and sentence.
On the morning of October 14, 1986, Donna Pace was robbed of her van at gunpoint in the parking lot of the Gentilly Woods shopping center in New Orleans. Mrs. Pace recognized the gunman as one of two suspicious looking men she had noticed in the mall moments before. When the police arrived, Mrs. Pace gave them a detailed description of her assailant and the license plate number of her van.
Two days later, Mrs. Pace's husband, Paul Pace, received a telephone call from someone who had found some papers which pertained to and were found in the van. Mr. Pace and a friend picked up these papers and then decided to drive around the area in an attempt to locate the van. Soon thereafter, they spotted the van and followed it until the driver stopped. Mr. Pace noticed that the driver of the van matched his wife's description of her assailant. At that time, Mr. Pace stopped and called the police to report that he had spotted his stolen van.
The police arrived as the van was being driven off and proceeded to follow it. As soon as the driver of the van realized that he was being followed, he accelerated and a high speed chase ensued, ending when the car crashed into the back of a parked truck. The driver and other occupants of the van attempted to flee on foot but were apprehended by the police.
While the police were conducting their investigation at the scene of the accident and without their knowledge, Mr. Pace arranged for his wife to come to the accident scene and determine if the driver of the van was the man who had robbed her. Shortly thereafter, Mrs. Pace arrived and identified the defendant as the man who had robbed her of her van at gunpoint in the shopping center parking lot.
In assignment of error one, the defendant argues that the trial court erred in denying his motion to suppress Mrs. Pace's identification of the defendant. In order to prevail on such a motion, a defendant has the burden of proving that the identification was suggestive and that there was a likelihood of misidentification. State v. Prudholm, 446 So.2d 729 (La.1984). In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court enumerated five factors to be considered in determining whether an identification is suggestive: 1) the witness' opportunity to view the defendant at the time the crime was committed; 2) the degree of attention paid by the witness during the commission of the crime; 3) the accuracy of any prior description; 4) the level of the *881 witness' certainty displayed at the time of identification; and 5) the length of time elapsed between the crime and the identification.
One-on-one confrontations between a suspect and a victim are permissible when justified by the overall circumstances, particularly when the accused is apprehended within a relatively short time after the occurrence and is returned to the crime scene. State v. McKinney, 455 So. 2d 1235 (La.App. 4th Cir.1984). Although the confrontation in this case occurred two days after the crime, which is longer than the usual delay for a one-on-one identification, the overall circumstances of this case indicate that this identification was neither suggestive nor was there a substantial likelihood of misidentification. The car chase and foot pursuit of the defendant took place outside of Mrs. Pace's presence. Furthermore, a key factor in determining that this identification was not suggestive is that Mr. Pace summoned his wife to the scene where the defendant was apprehended unbeknownst to the police officers. At the time, the police officers were not even aware of the armed robbery of Mrs. Pace; they only knew that the van in question had been stolen.
Furthermore, the evidence is clear that the two day delay between the crime and the identification did not adversely affect Mrs. Pace's ability to recognize her assailant. Mrs. Pace had several opportunities to view the defendant at the time of the crime, i.e. she noticed him in the mall prior to the robbery, she was face-to-face with him as he robbed her of her van and she looked at him as he drove away. The detailed accuracy of the description Mrs. Pace gave to the police indicates the strong degree of attention she paid to the defendant at the time of the crime. Furthermore, Mrs. Pace was very positive of her identification of the defendant as the man who had robbed her two days earlier.
Based on these facts, we conclude that the trial judge properly denied defendant's motion to suppress the identification.
In the second assignment of error, the defendant claims that the trial judge erred in allowing into evidence a gun that was not used in the robbery. Specifically, he claims that this evidence was irrelevant and, therefore, improperly admitted.
In the instant case, the victim testified that on the night of defendant's arrest, a police officer showed her a gun and asked her if she recognized it. The victim told the officer that that gun was not the one used in the armed robbery. She then described the gun which was used in the robbery.
The gun offered into evidence by the State was identified by a police officer as the weapon seized from the glove compartment of the stolen vehicle. However, Mrs. Pace did not identify the gun at trial as the one shown to her on the night of the defendant's arrest.
In State v. Landry, 388 So.2d 699 (La. 1980), cert. denied, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981), the Louisiana Supreme Court held that it was not reversible error to admit into evidence a knife which was not proven to be, more probably than not, the one used in the murder in that case. Although the weapon should not have been admitted, there was no attempt in that case to connect the knife found in the defendant's possession with the murder. Furthermore, in the prosecutor's argument, there was no attempt made to exploit the admission of this weapon into evidence. For these reasons, the court in Landry found that there was little possibility that the jury had formed an inference that the weapon introduced into evidence was associated with the crime for which the defendant was charged.
In this case, the victim specifically testified that the gun found in the glove compartment of the stolen vehicle driven by the defendant was not the one used in the armed robbery perpetrated against her. Although the trial judge erroneously allowed the weapon to be introduced at trial, no attempt was made by the prosecutor to connect that gun with the armed robbery and the prosecutor did not attempt to exploit *882 the admission of the gun into evidence.
Therefore, we find that the admission of this gun into evidence was not reversible error. This assignment of error is without merit.
In the third assignment of error, the defendant first contends that the trial court erred in denying his request for a copy of the report of the arresting officers. Defendant also argues that the trial court erred in overruling his motion for mistrial made during the State's closing argument in which allegedly inflammatory comments were made concerning this police report.
LSA-R.S. 44:3 A(4) states that a defendant is entitled to the initial report of the officer or officers investigating the complaint, but not to any followup or subsequent report or investigation. The report of the arresting officers was a followup report to the initial report taken on the date of the armed robbery. Therefore, the trial judge correctly denied the defendant's request for a copy of the report of the arresting officers.
In the State's closing argument, reference was made to the report of the arresting officers. Because this report was not introduced into evidence, the prosecution overstepped the bounds of permissible closing argument. LSA-C.Cr.P. art. 774. However, the denial of defendant's motion for mistrial was harmless error in that the brief references to the report were not so substantial that they contributed to the verdict.
In the fourth assignment of error, the defendant claims that the trial court erred in overruling his objection to the prosecution's questioning of an alibi witness. According to the defendant, the line of questioning directed to the defendant's sister was intended to create the impression that she had an obligation to come forward to the police if she had evidence that the defendant could not have committed the crime. Because she did not do that immediately, the defendant alleges that the prosecutor was insinuating that the witness had fabricated her story.
A reading of the testimony of this witness does not indicate anything improper about her cross-examination. The scope of cross-examination is largely a matter within the trial judge's discretion. Because there was no abuse of this discretion, we find that the trial judge correctly denied defendant's motion for mistrial.
The defendant also objects to a remark made by the trial judge when he overruled defendant's above-mentioned motion for mistrial. The trial judge stated:
"Overruled. It doesn't imply anything as far as I'm concerned."
Defendant's argument that this remark amounts to a comment on the evidence by the judge or a disparaging remark about the defense attorney is clearly unfounded. The trial judge was merely stating his reason for overruling the objection and the remark did not warrant a mistrial.
In the final assignment of error, defendant argues that the trial judge erred in imposing an excessive sentence. The defendant was sentenced to fifteen years at hard labor. Although this was defendant's first conviction, the trial judge took into account the fact that defendant's conduct both during the robbery, i.e. his use of a gun, and prior to his arrest, i.e. the reckless operation of the van which ended in a crash, threatened serious harm to others. The trial judge gave detailed reasons for the defendant's sentence at the sentencing hearing. We conclude that the defendant's actions clearly warrant a fifteen year prison sentence.
For the reasons stated above, we affirm the defendant's conviction and sentence.
AFFIRMED.