CIACCIO, Judge.
The defendant, Michael Headley, was charged with and convicted of the crimes of aggravated rape, aggravated burglary and aggravated crimes against nature. La.R.S. 14:42, 60 and 89.1. He was ordered to serve life imprisonment without benefit of *1270 parole, probation or suspension of sentence on the aggravated rape conviction; thirty years at hard labor on the aggravated burglary conviction, and fifteen years at hard labor on the aggravated crimes against nature conviction. The sentences are to run concurrently. The defendant appeals his convictions and sentences relying on one assignment of error. We affirm these convictions and sentences.
On July 17,1986 at approximately 1 a.m., the victim returned from grocery shopping to her Eastern New Orleans apartment complex. She parked her car near her residence and proceeded, with grocery bags in hand, to her apartment door. As she reached the door of her apartment and inserted the key, a young male passed her and thereafter sought directions with regard to an apartment in the complex. The victim gave some general directions and then proceeded to enter her apartment. As the victim opened the door, she was grabbed from behind by this male. A struggle ensued and the victim was then punched in the face by her attacker. He threatened to kill the victim if she did not cooperate. He undressed the victim and himself and had sexual intercourse with her. He then performed oral sex on the victim. Following the sexual assault the attacker asked the victim for marijuana which she did not have. He took approximately $50 from her purse and some hand tools. He then tore out the phone line. Before fleeing the apartment the attacker again threatened his victim with death if she screamed or followed him.
Thereafter the victim, a sheriffs deputy, fired her revolver to attract attention. She was helped by a friend who came to her aid. The police were summoned.
When the police arrived a report was prepared, tests for fingerprints were taken and the crime scene was photographed. The police took the victim to Charity Hospital where a rape kit was prepared and sent for testing. The victim was also treated for her physical injuries to her nose and jaw.
The following day the victim was taken to the studio of John Daniels where a composite drawing was made of her attacker.
The victim was thereafter taken on two separate occasions to a photographic lineup. At the second line-up on August 16, 1986 the victim positively identified Michael Headley as the man who had attacked, raped and robbed her. Headley was arrested in Slidell and returned to New Orleans.
In his sole assignment of error the defendant argues that the State committed reversible error when, during closing arguments, it referred to facts not in evidence.
In this case, the identity of the victim’s assailant was an issue. There existed conflicting evidence as to whether, at the time of this incident, the attacker was clean shaven or was wearing a mustache.
The defendant’s mother testified that during the 8 months prior to his arrest her son resided with her and he did not have a mustache. The defendant testified that since his release from jail in Georgia he had not had a mustache.
Detective Joseph Miestchovich, the investigating officer, testified that the victim did not tell him of a mustache when she gave a description of her assailant the night of the rape. He stated, however, that from the time of the arrest until the present the defendant did have a mustache. The initial police report did not reflect that the assailant had a mustache.
The victim testified that her assailant did have a light mustache. She stated that she indicated this fact to the composite artist, on the day following her attack, when she assisted him in creating a picture of her assailant. However, the wanted poster of the defendant does not indicate a mustache. The victim identified the defendant in a photographic line up and she positively identified him at trial.
At the time of closing argument the following colloquy occurred:
BY MR. PARKER:
What he wants you to believe is that she never told Detective Miestchovich anything about a mustache because he *1271 doesn’t have that block checked off, “mustache.” Read the last line of that police report. It says, “Supplemental report to follow.”
BY MR. MEYER:
Excuse me, Your Honor, I’m going to object at this point. We had a motion on that and I was given the supplements and there was no mention of a mustache. I resent the district attorney now insinuating to the jury that there is a mention of a mustache in those.
BY THE COURT:
Let the objection be noted.
BY MR. PARKER:
A full supplemental report to follow. Did he ask Detective Miestchovich about those reports? Did he ask him about the reports that he made in the next 30 days?
BY MR. MEYER:
Judge, you see, I’m going to have to object to this.
******
BY THE COURT:
Make your objection, Mr. Meyer.
BY MR. MEYER:
The district attorney is now improperly arguing. He’s arguing that I didn’t ask the detective about materials that were not given to me, which I had asked for, until he left.
BY THE COURT:
Let the objection be noted.
The defendant did not request an admonition to the jury. C.Cr.P. Art. 771.
Louisiana Code of Criminal Procedure Article 774 provides:
Art. 774. Argument; scope
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.
In State v. Bretz, 394 So.2d 245 at 248 the Louisiana Supreme Court discussed this procedural article:
The scope of closing argument is limited to the evidence admitted, the lack of evidence, conclusions of fact drawn therefrom, and the law applicable to the case. C.Cr.P. art. 774.
Particularly unwanted are comments by the prosecutor referring to matters allegedly within his personal knowledge, but not in evidence. State v. Kaufman, 304 So.2d 300 (La.1974). The reason for this prohibition is that such remarks attempt to add to or subtract from the actual evidence in the record through the influence of the prosecutor’s official position. The jury may give greater weight to these observations than to the actual evidence and may, consequently, determine guilt or innocence on the basis of the prosecutor’s opinion.
However, not every remark of this type will warrant reversal. C.Cr.P. art. 921. Before a verdict will be overturned on the basis of improper argument, this Court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Carthan, 377 So.2d 308 (La.1979); State v. Heads, 370 So.2d 564 (La.1979).
In this case, the State’s comments insinuated that there was mention of a mustache in a supplemental police report. The supplemental police report and its contents were not in evidence. Hence the comment by the district attorney was beyond the scope of closing arguments in that it did not refer to “evidence admitted, the lack of evidence, conclusions of fact drawn therefrom and the law applicable to the case.” La.C.Cr.P. art. 774.
In this case, although the comment was improper and outside the scope of closing argument, it is not such a remark as would warrant reversal.
The defense counsel’s argument, made in connection with his objection apprised the jury that the police reports contained no mention of a mustache. The composite artist testified that the victim *1272 had indicated her attacker wore a “very thin mustache.” The victim further testified to this fact at trial and she repeatedly and unequivocally identified the defendant at trial as the one who had attacked her. Under these circumstances, we do not find that the comment by the district attorney influenced the jury and contributed to their verdict. This comment, although error is harmless.
For the reasons assigned this assignment lacks merit.
Accordingly, the defendant’s convictions and sentences are affirmed.
AFFIRMED.