Dear Sheriff Stephens:
This office is in receipt of your recent request for an opinion of the Attorney General. Your question, as I understand it, is as follows:
 Is the report of deputy sheriffs assigned to emergency medical service public record?
You indicate that emergency medical assistance was rendered by deputies assigned to emergency medical service in response to a complaint and in connection with an arrest and their actions are now under investigation inasmuch as the arrestee has made a formal complaint claiming physical abuse. It is significant that the individuals, while trained for the emergency medical service, are sworn deputies and a report was made relative to the medical condition and service performed and retained in the sheriff's office.
While R.S. 44:3 provides that records of the arrest and records pertaining to pending criminal litigation are not subject to disclosure until final judgment, the initial report of the investigating officers "shall be a public record". Other than the initial report records pertaining to pending criminal litigation, or any criminal litigation which can be reasonably anticipated, are not public record until such litigation has been finally adjudicated.
It is clear that the separate report prepared by the deputies in connection with the medical observations and treatment is distinguishable from the initial field report made by the other deputies at the scene. The initial report is public record, but a separate report prepared by the other deputies is not. The jurisprudence has determined that any report concerning investigation beyond the complaint is not a public record. Statev. Burnes, 516 So.2d 375 (La.App. 1987). Therein the Court observed, "Reports prepared concerning subsequent investigation, even if this investigation follows immediately the investigation of the complaint, are not public records."
The problem presented by the instant inquiry is that those preparing the report were both medical technicians as well as deputies. However, they are armed and in uniform and perform the additional duties as other deputies of arrest and investigations. It is felt that this cannot be ignored. Moreover, the report in question was prepared by deputies at the time of an arrest and in connection with a criminal investigation. The individual was brought to jail by these deputies, not a hospital, and it is felt as long as there is a pending criminal investigation under R.S.44:3 the report is not a public record.
However, even without an arrest or criminal investigation, and simply as a report of emergency medical technicians, it is not a public record. This office has previously recognized that access to an individual's medical records cannot be gained through the Public Record Act. Atty. Gen. Op. No. 79-1465. Additionally, it has been concluded that the exemption of medical records under R.S. 44:7 "pertains to all institutions who have custody of medical and health records." Atty. Gen. Op. No. 77-1479. This office has also recognized the restricted conditions for release of medical records without authorization by the patient, and concluded in all other situations medical or hospital records may not be released to anyone. Atty. Gen. Op. No 75-491.
Such a conclusion is consistent with the right guaranteed by the Constitution, Article 1, Section 5, that a person shall be secure against the invasion of privacy and this can only yield to a compelling state interest. Cronier v. Cronier, 1st Cir., 88-CA 1505; Bodden v. Arsenaux, 428 So.2d 427 (La. 1983). The public right to be reasonably informed as to the manner, basis and reasons upon which governmental affairs are conducted under the Louisiana Public Records Law cannot in these circumstances prevail over the right of privacy in regard to an individual's medical condition and treatment. We can see no need of the public to know the medical condition and treatment accorded an individual, and the public interest in efficient government would not be served by such a revelation. The confidentiality of medical records is well recognized and the conditions for release are restricted by law. With respect to medical records in accordance with R.S. 44:7 (B), the legislature has directed the medical facilities to make rules by which records may be exhibited for "persons legitimately and properly interested in the disease, physical or mental, or in the condition of patients." We can see no reason that the same criteria should not apply with regard to medical records prepared by emergency medical technicians.
It must be recognized that this conclusion is restricted to the availability of the report as a "public record" and in no way applies to discovery in litigation or waiver of privilege relative to treatment by a health care provider.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR:atb