ItBYRNES, Judge.
The State requests a review of the trial court’s ruling granting the defendant’s motion for production of the supplemental police report. The State claims that the defendant is not entitled to the supplemental police report because production of the original incident report satisfies the requirements of La.R.S. 44:3 and State v. Shropshire, 471 So.2d 707 (La.1985).
Generally, the defendant is entitled only to the initial report made by the officer handling the case. State v. Walters, 582 So.2d 317 (La.App. 4 Cir.1991), writ denied, 584 So.2d 1171 (La.1991); State v. Burnes, 516 So.2d 375 (La.App. 4 Cir.1987). However, the reporting officer or officers may not defeat the purpose of the statute by including only selected information in the initial report and placing the remainder in a subsequent report. State v. McEwen, 504 So.2d 817 (La.1987); State v. Baker, 582 So.2d 1320 (La.App. 4 Cir.1991), writ denied, 590 So.2d 1197 (La.1992), certiorari denied, Baker v. Louisiana, 506 U.S. 818, 113 S.Ct. 62, 121 L.Ed.2d 30 (1992).
La. R.S. 44:3 states that the following information shall be set forth in the initial report:
|2(i) A narrative description of the alleged offense.
(ii) The name and identification of each person charged with or arrested for the alleged offense.
(iii) The time and date of the alleged offense.
(iv) The location of the alleged offense.
(v) The property involved.
(vii) The names of investigating officers.
In the present case at the hearing on defendant’s motion, the trial court stated that the initial police report did not satisfy the requirements of Shropshire, because there was no reference to the defendant by name in that report. The trial court concluded:
Shropshire, non-compliance, no reference to the defendant by name in the report *978 that’s been given. I believe the State must give to the Defense the initial report that shows the arrest of the individual and how it is that he or she came to be identified as the person allegedly responsible for the crime alleged. [Emphasis added.]
The trial court stated:
The Court orders the State to provide to the Defense a copy of a police report that would identify or at least refer to the arrest of Mr. Washington for this alleged armed robbery. The report that is given to the public defender in no way refers to Mr. Washington by name. It speaks of an unknown male. [Emphasis added.]
The trial court further explained:
The Court said that it feels that the Shropshire opinion requires that the District Attorney provide to the Defense the initial report that literally shows how the defendant allegedly first became linked to the alleged offense for which he is to be tried. It is that Rreport that I feel that must be turned over to the Defense.
The trial court later added:
... The State of Louisiana is ordered to turn over to the Defense the first report wherein this defendant was mentioned and identified, where he is named as being the person responsible for this alleged offense.
The trial court explained that:
... if you have four reports and they each contain his name, the first of those four, wherein he was first identified as being the alleged culprit, would be the report that you would have to turn over.
In State v. Everridge, 523 So.2d 879 (La.App. 4 Cir.1988), Donna Pace was robbed of her van at gunpoint in a shopping center. This Court stated:
... Mrs. Pace recognized the gunman as one of two suspicious looking men she had noticed in the mall moments before. When the police arrived, Mrs. Pace gave them a detailed description of her assailant and the license plate number of her van.
Two days later, Mrs. Pace’s husband, Paul Pace, received a telephone call from someone who had found some papers which pertained to and were found in the van. Mr. Pace and a friend picked up those papers and then decided to drive around the area in an attempt to locate the van. Soon thereafter, they spotted the van and followed it until the driver stopped. Mr. Pace noticed that the driver of the van matched his wife’s description of her assailant. At that time, Mr. Pace stopped and called the police to report that he had spotted his stolen van.
The police arrived as the van was being driven off and proceeded to follow it. As soon as the driver of the van realized that he was being followed, he accelerated and a high speed chase ensued, ending when the car crashed into the back of a parked truck. The driver and other occupants of the van attempted to flee on foot but were apprehended by the police.
While the police were conducting their investigation at the scene of the accident and without their |4knowledge, Mr. Pace arranged for his wife to come to the accident scene and determine if the driver of the van was the man who had robbed. Shortly thereafter, Mrs. Pace arrived and identified the defendant as the man who had robbed her of her van at gunpoint in the shopping center parking lot.
Id. at 880.
In Everridge, this court found that: “The report of the arresting officers was a followup report to the initial report taken on the date of the armed robbery. Therefore, the trial court correctly denied the defendant’s request for a copy of the report of the arresting officers.” [Emphasis added.] Id. at 882.
In the present case, the initial report contains a narrative of what the officers found at the crime scene and follows the other requirements under La. R.S. 44:3 except for stating the name of the defendant. At the scene of the crime the detective spoke to the victim and another witness; however, the witnesses did not know the name of the perpetrator but stated that they could identify him if they ever saw him. At the court hearing, the State informed the trial court that no description or identifications were obtained from the eyewitness on the night of the crime.
*979 In Everridge, id., Mrs. Pace gave a description of the perpetrator but could not have known his name until after his arrest two days later. This court held that the report of the arrest was a follow-up report which was not subject to disclosure to the defense.
In State v. Bumes, supra, this court stated:
Accepting as true relator’s allegations concerning police procedure for handling homicides, we find that relator may obtain as a public record the initial report of the officer or officers investigating the complaint, e.g. someone heard a gunshot, someone saw a shooting, someone found a man who had been shot, | .^someone found a dead man, etcetera (sic). If those officers after investigating the complaint determined that there apparently had been a homicide and that internal department policy required them to relinquish subsequent investigation to the homicide detectives, that department procedure does not change the statute. If those officers prepared a report of their investigation of the complaint, it is a public record to which relator has access. The subsequent report of the further investigation of the homicide detectives is not available to relator and is expressly excluded by the statute. La. R.S. 44:3A (4).
If the officers investigating the complaint did not prepare a report, obviously relator may not obtain it. The failure of those officers to prepare a report does not then make the first report prepared a public record. Only the initial report of the officer or officers investigating the complaint is a public record.
When officers respond to a complaint they may, among other things, investigate to determine the factual nature of the complaint, the veracity of the complainant and the validity of the complaint, whether the complaint indicates the commission of a crime, whether any further police action is warranted and if so, what action and when, immediate or future. The report of the officer investigating the complaint is a public record. Reports prepared concerning subsequent investigation, even if this investigation follows immediately the investigation of the complaint, are not public records.
The district court apparently found that the officers investigating the complaint did not prepare a report. To the extent that this is a factual conclusion, we do not have jurisdiction to review facts. As a legal question, however, we may review the district court’s classification of the report or reports that do exist. Relator’s application asserts that a report exists. He alleges that this report is the first report prepared, and that it was prepared by homicide detectives called to the scene by those officers who investigated the complaint, ascertained that the occurrence was an apparent homicide, and following department procedure ceased their investigation of the complaint and turned over the matter to the detectives for subsequent investigation of an apparent crime. The trial court found that this report is not the initial report of the officer or officers investigating the complaint; he concluded, therefore, that it is not a public record; and Rhe denied relator access to it. We find no error in this ruling.
Id., 516 So.2d at 375-376.
The defense is not necessarily entitled to the report of the arresting officers. See Everridge, supra. In the present case nothing indicates that the officer recorded only selected information in his initial report while recording the rest in a subsequent report. See State v. McEwen, supra; State v. Baker, supra. The police did not hide the identity of the defendant Washington where his identity was unknown at the time that the initial report was made. The reporting officers did not file a supplemental report for the purpose of including only selected information in the initial report.
Accordingly, the ruling of the trial court is reversed. The trial court’s order for the State to provide the defendant with a copy of the supplemental police report is rescinded. The ease is remanded for further proceedings.

REVERSED & REMANDED.