1 iPLOTKIN, Judge,
concurring in part and dissenting in part with reasons.
I agree with the majority opinion in so far as it finds sufficient evidence to sustain both Smith’s and Howard’s convictions. I also agree with the conclusion that any misstatement of the law by the prosecutor in relation to the law of principals was rendered harmless by the trial court’s instruction. However, I disagree with the majority holding that the prosecutors use of inadmissible evidence not in the record constitutes harmless error in light of the trial court’s instructions.
The State used inadmissible evidence not presented at trial in its closing argument. Mr. Daniels stated that Mr. Anderson testified under oath two times prior to his testimony at trial and both times he positively identified the defendants as the perpetrators who shot Mr. Leobia. He also stated that Mr. Anderson consistently identified Howard and Smith as the shooters since the day of the incident.[1] Even if this is true, it was never elicited at trial and is therefore outside the record. It was improper for the State to have used this information in its closing argument. Furthermore, it is very strong evidence. It goes to the heart of the matter in this case, identification by the only eyewitness.
Our supreme court wrote at length regarding prosecutorial references to evidence not introduced at trial in State v. Smith, 554 *1217 So.2d 676 (La.1989), overruled on other grounds, State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364.[2] Unless the un-presented evidence is concerned with matters of common experience or knowledge, it is not proper argument. Id. at 681; State v. Kaufman, 304 So.2d 300, 308 (La.1974). This is because “[a]ssertions of fact not proved amount to unsworn testimony of the advocate.” Smith, 554 So.2d at 681. The court went on to note that it has consistently been held to be reversible error to allow the prosecutor to express his opinion of “the credibility of a key witness” where doing so implies that the prosecutor has personal knowledge related to the witness’ credibility but not introduced into evidence. Id., citing, State v. Kaufman, supra, State v. Harrison, 367 So.2d 1 (La.1979); State v. Hamilton, 356 So.2d 1360 (La.1978); State v. May, 339 So.2d 764 (La.1976). The reason for not allowing this type of argument is because of the overwhelming ability it has to add or subtract from the evidence that was properly presented at trial:
Due to the respect for the prosecutor’s personal knowledge and official expertise, the jury may give greater factual weight to his unsworn factual argument and consequently determine innocence or guilt on the basis of this rather than of the actual evidence.
Id. at 682. See also, State v. Headley, 522 So.2d 1269, 1271 (La.App. 4 Cir.1988).
Furthermore, the Smith case addressed the exact issue presented in this case. In that case, the prosecutor stated that the key witness was unwavering in her testimony from the date of the crime through the day she testified. The supreme court found that there was absolutely no basis for this argument, thereby indicating the prosecutor intentionally went outside the record. Furthermore, the supreme court noted that the impropriety of the prosecutor’s remarks was amplified by the fact that if the prosecutor tried to legitimately introduce such evidence into the ^record, it could not do so. This is because evidence of a person’s credibility cannot be properly introduced until said credibility has been attacked. Id. at 683. In the instant ease, Mr. Anderson’s credibility was never attacked. While he was cross-examined, this is not enough to rise to the level of an attack on credibility. Therefore, the prosecutor could not introduce evidence to support a finding that he was a credible witness.
Moreover, in Smith, the supreme court determined that when extraneous and improper argument is made, the appropriate standard of review is whether or not it constitutes harmless error. Id. at 686. This Court has also traditionally applied the harmless error rule in situations similar to this one. State v. Everridge, 523 So.2d 879 (La.App. 4 Cir.1988). Specifically, the reviewing court must be “thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict.” Headley, 522 So.2d at 1271. In Everridge, this Court found the prosecutor’s reference to a police report not admitted into evidence to be harmless error. Everridge, 523 So.2d at 882. The evidence against defendant was overwhelming and the brief reference to a police report did not substantially contribute to the verdict. In Headley, the complained of evidence was also a brief reference to a police report. Again, the evidence in that ease was more than sufficient to convict the defendant and this Court was not convinced that the use of improper argument contributed to the verdict.
Applying the foregoing analysis to the instant case, I am not thoroughly convinced that the prosecutor’s remarks did not contribute to the verdict against Kendrick Howard. There was no physical evidence placing him at the scene. While Mr. Anderson definitively stated Smith shot him, he stated Howard may or may not have been shooting; he could not positively identify Howard as one of the shooters. Since the testimony by Mr. Anderson was the only evidence linking Howard to the crime, establishing his credibility was crucial to the prosecution’s Lease. Furthermore, the comments by the prosecutor referred to strong evidence of prior consistent statements by the only key witness. *1218 This is far different than a brief reference to a police report in a ease with overwhelming evidence. Lastly, the prosecution would not have been permitted to introduce Mr. Anderson’s prior statements at trial unless his credibility was attacked. Because his credibility was never attacked, this evidence would have been inadmissible. Therefore, I believe the improper and inadmissible comments by the prosecutor, bolstering Mr. Anderson’s credibility, constitute reversible error in Kendrick Howard’s case.
For the foregoing reasons, I would reverse Howard’s conviction for first degree murder and remand to the district court for a new trial.

. Incidentally, the official initial police report states that the perpetrators are “unknown” to the victim. It also states that Mr. Anderson was taken to the hospital before Det. Mocklin arrived on the scene. Furthermore, it appears that Mr. Anderson may not have been entirely consistent in his prior testimony. Counsel for defendant used a transcript from a May 1995 motions hearing to impeach Mr. Anderson regarding the defendants’ roles in the crime. However, the record does not contain a copy of this transcript.

. Smith was overruled because it expanded the scope of review in capital cases to include errors not objected to at trial. Taylor, 669 So.2d at 369.