JOHNSON, J.,
would grant the writ application and assigns reasons.
| Jfhe trial court erred in denying Christopher Browdei*’s (Browder) request for Subpoena Duces tecum based on the possibility that the requested documents might contain confidential material. The state has the burden to file a motion to quash a Subpoena Duces Tecum if it believes that the requested information is confidential, or would be unduly burdensome, or unreasonable.
In the case at bar, Browder, a defendant in a capital murder case, sought to subpoena SID information sheets for use at a hearing on a Motion to Suppress Identification. The SID information sheets were used in a photo lineup to create filler photographs in a lineup that included Brow-der. The SID information sheets were generated using a computer program that *835 automatically generates five filler photographs based on parameters, or physical characteristics, which are manually input by a requesting police officer. Browder alleged that the parameters inputted by the detective, called SID information sheets, which reflect physical characteristics such as age, race, weight, skin color, hair color, etc., did not match the significant characteristics from the witness’ description of the gunman. In particular, the skin tone that the witness described was very dark, while the information input by Detective Harbin was allegedly a person of medium skin tone.
|20n April 20, 2009, Browder filed a motion for a Subpoena Duces Tecum to produce the SID information sheets for the fillers used in the photo lineup. On May 4, 2009, the trial Court denied the motion ruling that the defense would have an opportunity to question the detective about the parameters used in creating the photo lineup, and stated that the requested information might be confidential. Browder moved for an in camera inspection of the SID information to redact any confidential information and the trial court denied that motion as well.
There has been no showing by the state that the information sought is unduly burdensome, unreasonable or confidential. Rather, the trial court expressed concern that the information sought might be confidential and that the ability of Defendant to question the Detective who input the SID information would suffice. It is the State’s burden to show confidentiality and/or that a request for Subpoena Duces tecum should be quashed. State v. Phillips, 465 So.2d 794, 795 (La.App. 4th Cir.1985). Accordingly, I would grant the writ application.